UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS RICHARDSON (#450603)

VERSUS                                                CIVIL ACTION

TIMOTHY WILKINSON, ET AL                              NUMBER 10-62-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 31, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS RICHARDSON (#450603)

VERSUS                                              CIVIL ACTION

TIMOTHY WILKINSON, ET AL                            NUMBER 10-62-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the petitioner's Motion to Vacate Judgment Under F.R.C.P. Rule 60(b)(1) and (6).  Record document number 58.

### I. Procedural History[1]

**A. State Court Proceedings**

Petitioner was found guilty of one count first degree robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on April 23, 2003.  Petitioner was sentenced to 25 years imprisonment at hard labor.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence.  *State of Louisiana v. Travis Richardson*, 2006-0250 (La. App. 1st Cir. 11/3/06), 941 So.2d 198 (Table).  Petitioner did not seek supervisory review by the Louisiana Supreme Court.

---

[1] The procedural history is taken from the previous Magistrate Judge's Report.  Record document number 36.  Citations to the state court record and a full description of the petitioner's claims, as set forth in that report, are omitted in this Magistrate Judge's Report.

On July 18, 2006, while his direct appeal was pending, the petitioner filed a Petition For Writ of Habeas Corpus in the state trial court. On December 7, 2006, the trial court denied review. The trial court set June 1, 2007 as the date for the petitioner to file a writ application in the appellate court. On May 24, 2007, the petitioner filed an application for review in the Louisiana First Circuit Court of Appeal. On June 25, 2007, the court of appeal denied review. *State of Louisiana v. Travis Richardson*, 2007-1036 (La. App. 1st Cir. 7/25/07). Petitioner sought review by the Louisiana Supreme Court on March 19, 2008. The Louisiana Supreme Court denied review. *State of Louisiana ex rel. Travis Richardson v. State of Louisiana*, 2008-0736 (La. 5/30/08), 983 So.2d 901.

On January 22, 2007, the petitioner filed a Motion For Correction of Illegal Sentence Pursuant to La. C.Cr.P. art. 882/ Motion to Vacate Illegal Conviction/Motion to Quash Bill of Information Pursuant to La.C.Cr.P. art. 582 Without the Waiving of Right to an Evidentiary Hearing. Following a hearing on May 15, 2007, the district court denied the motion. Petitioner sought review by the court of appeal on May 23, 2007. The First Circuit Court of Appeal denied review on July 9, 2007. *State of Louisiana v. Travis Richardson*, 2007-1037 (La. App. 1st Cir. 7/9/07). Petitioner sought review by the Louisiana Supreme Court, which was denied on May 30, 2008. *State of Louisiana ex rel. Travis*

*Richardson v. State of Louisiana*, 2007-1708 (La. 5/30/08), 983 So.2d 889.

Petitioner filed an application for post-conviction relief (PCRA) on February 2, 2007. The trial court denied the PCRA on November 2, 2007. Petitioner sought review by the Louisiana First Circuit Court of Appeal on December 24, 2007. The Louisiana First Circuit Court of Appeal denied review on the showing made. *State of Louisiana v. Travis J. Richardson,* 2007-2624 (La. App. 1st Cir. 3/5/08). Petitioner was advised that a new application must be filed on or before May 5, 2008. Petitioner filed a second writ application on March 31, 2008. *State of Louisiana v. Travis Richardson*, 2008-0641 (La. App. 1st Cir. 7/8/08). Petitioner sought review by the Louisiana Supreme Court which was denied on June 5, 2009. *State of Louisiana ex rel. Travis Richardson v. State of Louisiana*, 2008-1983 (La. 6/5/09), 9 So.3d 865.

Petitioner signed a Motion to Vacate/Correct an Illegal Sentence Based on Newly Discovered Evidence Without the Waiver of an Evidentiary Hearing on August 27, 2007, and it was filed on September 6, 2007. Petitioner also filed a Motion to Vacate/Correct Illegal Sentence on October 22, 2007. The motions were denied by the trial court on November 2, 2007.

Petitioner sought review by the court of appeal on December 18, 2007. The First Circuit Court of Appeal denied review on February 20, 2008. *State of Louisiana v. Travis J. Richardson*,

2007-2188 (La. App. 1st Cir. 2/20/08). Petitioner sought review by the Louisiana Supreme Court on March 19, 2008. The Louisiana Supreme Court denied review. *State of Louisiana ex rel. Travis J. Richardson v. State of Louisiana*, 2008-0735 (La. 5/30/08), 983 So.2d 901.

Petitioner signed a Motion to Vacate/Correct an Illegal Sentence on December 10, 2007, and it was filed on December 17, 2007. The trial court's decision and any appellate review could not be located in the state court record filed with this court.

Petitioner signed a Petition for Writ of Habeas Corpus on June 23, 2008, and it was filed on June 30, 2008. On December 17, 2008, the trial court denied the petition for habeas corpus.

Petitioner signed a Motion to Vacate An Illegal Sentence id. -pursuant to La.C.Cr.P. art. 882 on October 31, 2008, and it was filed on November 12, 2008. On December 17, 2008, the trial court denied the motion to vacate an illegal sentence. Petitioner sought supervisory review in the Louisiana First Circuit Court of Appeal, which was denied on May 13, 2009. *State of Louisiana v. Travis Richardson*, 2009-0158 (La. App. 1st Cir. 5/13/09). Petitioner sought review by the Louisiana Supreme Court, which was denied on April 5, 2010. *State of Louisiana ex rel. Travis J. Richardson v. State of Louisiana*, 2009-1279 (La. 4/5/10), 31 So.3d 357.

**B. Federal Court Proceedings**

Petitioner signed his federal habeas corpus Petition for Writ of Habeas Corpus Under § 2254 on January 19, 2010, and it was filed on January 22, 2010.[2]  Petitioner asserted 12 grounds for relief.

On August 8, 2011, a Magistrate Judge's Report was issued recommending that the petitioner's application for habeas corpus relief be denied.[3]  On August 31, 2011, the district judge adopted the Magistrate Judge's Report as the court's opinion and entered judgment.[4]  On September 16, 2011, the petitioner filed a notice of appeal.[5]  On March 26, 2012, the United States Court of Appeals for the Fifth Circuit denied a Certificate of Appealability.[6]

Petitioner is now before this court seeking relief from this court's judgment dismissing his § 2254 petition.

## II. Applicable Law and Analysis

**A. Successive Petition**

Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005),

---

[2] Record document number 1.

[3] Record document number 36.

[4] Record document numbers 39 and 40, respectively.

[5] Record document number 42.

[6] Record document number 56.

the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenged this court's prior determination that his claim of constructive denial of counsel during re-sentencing was procedurally defaulted. Therefore, the petitioner's Rule 60(b) motion is not construed as an improper successive habeas petition and is properly before this court.

**B. Rule 60(b)**

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(b) on his Ground Four - that counsel was not present during his re-sentencing hearing held on February 3, 2005, resulting in a constructive denial of counsel - because it was not procedurally defaulted.

Rule 60(b), Fed.R.Civ.P. permits the district court to relieve

6

a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition.

Federal Rule of Civil Procedure 60 provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [various] reasons," including "mistake" and "inadvertence." Fed.R.Civ.P. 60(b)(1). Regarding Rule 60(b)(1), the U.S. Fifth Circuit Court of Appeals has explained:

> Rule 60(b)(1) ... allow[s] relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

Petitioner's arguments are unpersuasive. First, the petitioner failed to point to any mistake, inadvertence or excusable neglect which entitles him to Rule 60(b)(1) relief.

7

Rather, the petitioner merely argued that "[t]his Honorable federal district court ... made a honest mistake by inadvertently overlooking a real important segment of the documentary procedural history of this claim, an in so doing ... made an erroneous finding of fact not supported by the records, which has caused a ruling of fact finding that Claim 4 was procedurally barred thereby refused to address the merits of the claims."[7]  Petitioner did not argue that the judgment conflicts with a clear statutory mandate or involves a fundamental misconception of the law.

Second, even if the petitioner had alleged facts sufficient to support a Rule 60(b)(1) motion, it would be untimely because it was filed more than one year after entry of the judgment.  A Rule 60(b) motion based on mistake, inadvertence or excusable neglect must be filed within one year of the entry of the judgment or order.  Rule 60(c).  Judgment was entered on August 31, 2011.  Petitioner did not file his Rule 60(b)(1) motion until April 16, 2013, more than 19 months after the judgment was entered.

Third, a Rule 60(b)(6) motion requires a showing of extraordinary circumstances.  Petitioner failed to establish the existence of any "extraordinary circumstances" regarding the

---

[7] Record document number 58, p. 4, ¶ 6; also record document number 58-1, supporting memorandum, p. 2.  The Fifth Circuit Court of Appeals refused to grant a Certificate of Appealability on his constructive denial of counsel claim.  Record document number 56, Order, p. 2.

dismissal of his § 2254 motion.[8]

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate Judgment Under F.R.C.P. Rule 60(b)(1) and (6) be denied.

It is further recommended that a motion for certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, January 31, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8] Petitioner cited numerous state and federal court cases in support of his motion. Record document number 58-1, supporting memorandum, pp. 3-5. Petitioner did not argue that after the Ruling and the Judgment, record document numbers 39 and 40 respectively, there was a change in the decisional law which constitutes "extraordinary circumstances" within the meaning of Rule 60(b)(6). But if he had, such an argument would be unpersuasive. A change in decisional law after entry of the judgment does not constitute exceptional circumstances and is not alone a ground for relief from a final judgment under Rule 60(b)(6). *Diaz v. Stephens*, 731 F.3d 370, 375 (5th Cir. 2013).