# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRAVIS RICHARDSON (#450603)**            **CIVIL ACTION**

**VERSUS**

**TIMOTHY WILKINSON, ET AL.**        **NO.: 3:10-cv-00062-BAJ-SCR**

## RULING AND ORDER

Before the Court is Petitioner's **MOTION TO VACATE JUDGMENT UNDER F.R.C.P. RULE 60(b)(1) & (6) (Doc. 58).** The Magistrate Judge has issued a **REPORT (Doc. 66),** recommending that the Court deny relief, and, further, that the Court deny Petitioner a certificate of appealability, (*id.* at p. 9). Petitioner filed timely objections to the Magistrate Judge's Report. (Doc. 68).

Having carefully considered Petitioner's **MOTION (Doc. 58)** and related filings—including Petitioner's objections[1]—the Court **APPROVES** the Magistrate

---

[1] Petitioner asserts various objections to the Magistrate Judge's Report. (*See generally* Doc. 68). However, these objections essentially boil down to two: (1) Petitioner's Rule 60(b) Motion should have been reassigned to a different section because the Magistrate Judge "has a personal interest in the case at bar," insofar as he previously recommended that Petitioner's habeas petition be denied, "and this personal interest compromises his judgments," (*id.* at p. 2); and (2) the Court's prior denial of Petitioner's habeas claim on procedural grounds was "mistake[n]" because the Court "overlooked some of the [relevant] procedural history," (*id.* at p. 4). Neither of these arguments is persuasive.

    As to Petitioner's first objection, this District's local rules require assignment of collateral proceedings and refiled cases to the same section that handled the initial proceedings. *See* M.D. La. LR3.1–3.2. The U.S. Court of Appeals for the Fifth Circuit has long approved of such procedures, noting "[i]n these days of crowded dockets, judicial economy compels the use of any knowledge of the facts or other expertise which a judge may have acquired in his prior contacts with a litigant." *Alvarez v. United States*, 465 F.2d 373, 374 (5th Cir. 1972) (quotation marks omitted).

    Petitioner's second objection is unavailing because far from "overlook[ing]" the relevant "procedural history," the Magistrate Judge recounted that history in exhaustive detail, before concluding that Petitioner's claim was "technically exhausted, [but] procedurally barred." (Doc. 36 at p. 25 (Magistrate Judge's Report recommending denial of Petitioner's 28 U.S.C. § 2254 petition); *see also* Doc. 66 at pp. 2–6 (Magistrate Judge's Report recommending denial of Petitioner's Rule 60(b) motion)).

Judge's **REPORT (Doc. 66)** and the recommendation contained therein, and **ADOPTS** it as the Court's opinion.

Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 66),

**IT IS ORDERED** that Petitioner's **RULE 60(b) MOTION (Doc. 58)** is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's **MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. 69)** is **DENIED** because Petitioner has failed to "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 5th day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**